UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIVENDI UNIVERSAL, S.A., SECURITIES LITIGATION | 02 Civ. 5571 (RJH) |
| This Memorandum Opinion & Order relates to: | **MEMORANDUM OPINION & ORDER** |

| | |
|---|---|
| 07 Civ. 5742 | 07 Civ. 7370 |
| 07 Civ. 7775 | 07 Civ. 7776 |
| 07 Civ. 7778 | 07 Civ. 7779 |
| 07 Civ. 7803 | 07 Civ. 7863 |
| 07 Civ. 8156 | 07 Civ. 8208 |
| 07 Civ. 8830 | 07 Civ. 9229 |
| 07 Civ. 9593 | 07 Civ. 10578 |
| 07 Civ. 10954 | 07 Civ. 10995 |
| 07 Civ. 11092 | 07 Civ. 11305 |
| 07 Civ. 11483 | 07 Civ. 11484 |
| 07 Civ. 11485 | 07 Civ. 11628 |
| 08 Civ. 24 | 08 Civ. 116 |
| 08 Civ. 117 | 08 Civ. 418 |
| 08 Civ. 950 | 08 Civ. 1111 |
| 08 Civ. 1938 | 08 Civ. 1973 |
| 08 Civ. 1974 | 08 Civ. 1975 |
| 08 Civ. 1983 | 08 Civ. 1985 |
| 09 Civ. 2568 | 08 Civ. 2592 |
| 09 Civ. 2603 | 09 Civ. 2611 |

Richard J. Holwell, *District Judge*:

Before the Court is the defendants' motion for partial judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed on August 22, 2011. For the reasons stated herein, the defendant's motion is GRANTED.

## BACKGROUND

On March 22, 2007, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court granted in part a motion to certify a class "consisting of all persons from the United States, France, England, and the Netherlands who purchased or otherwise acquired

ordinary shares or American Depository Shares [("ADS")] of Vivendi Universal, S.A. [("Vivendi" or "Company")] . . . ."  *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007) ("*Vivendi I*").  The certified class ("Class Plaintiffs") proceeded to litigate a class action ("Class Action"), resulting in a three-month-plus jury trial in this Court during late 2009 and early 2010.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 523–24 (S.D.N.Y. 2011) ("*Vivendi II*").  Several months after class certification, individual Vivendi shareholders who were excluded from the class filed the first of thirty-five complaints in the Southern District of New York, and on July 7 and 8, 2009, the plaintiffs in the above-captioned cases ("Individual Plaintiffs") filed four amended complaints (collectively, "Amended Complaints")—the superseding and operative complaints at issue here.  *See* Amended Compl. ("Allianz Compl."),  *Allianz Global Investors v. Vivendi Universal, S.A.*, Nos. 07 Civ. 8156, 07 Civ. 9229, 08 Civ. 1973, 08 Civ. 1974, 08 Civ. 1975 (S.D.N.Y. July 8, 2009); Amended Compl. ("AP Compl."), *Andra AP-Fonden v. Vivendi Universal, S.A.*, Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ. 7778, 07 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 24, 08 Civ. 116, 08 Civ. 117, 08 Civ. 1938, 08 Civ. 1985 (S.D.N.Y. July 7, 2009); Amended Compl. ("B-W Compl."), *Baden-Württenbergische Investmentgesellschaft mbH v. Vivendi Universal, S.A.*, Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 950, 08 Civ. 1111, 08 Civ. 1983 (S.D.N.Y. July 7, 2009); Amended Complaint ("Capitalia Compl."), *Capitalia Asset Mgmt. SGR, S.p.A. v. Vivendi Universal, S.A.*, Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 418 (S.D.N.Y. July 7, 2009).

The Individual Plaintiffs allege—asserting claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule

10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as claims pursuant Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k(a), 77*l*(a)(2), 77o—that Vivendi, Jean-Marie Messier, and Guillaume Hannezo (collectively, "Defendants") made materially false or misleading statements regarding Vivendi's financial health.[1] Specifically, the Amended Complaints contain assertions that these statements "had the purpose and effect of creating in the market an unrealistically positive assessment of Vivendi and its business, prospects and operations, thus causing the Company's securities to be overvalued and artificially inflated."  Allianz Compl. ¶ 262; AP Compl. ¶ 262; B-W Compl. ¶ 262; Capitalia Compl. ¶ 262.  The Individual Plaintiffs further allege that they purchased or otherwise acquired ordinary shares of Vivendi between October 30, 2000, and August 14, 2002, and that Vivendi's ordinary shares traded on the EuroNext, S.A. ("Paris Bourse"), a foreign exchange.[2]  *See* Allianz Compl. ¶¶ 13, 18, 45, 307; AP Compl. ¶¶ 13, 18, 45, 307; B-W Compl. ¶¶ 13, 18, 45, 307; Capitalia Compl. ¶¶ 13, 18, 45, 307; *see also* Individual Plaintiffs Who Purchased or Otherwise Acquired Vivendi Ordinary Shares, Exh. A to Decl. of Penny P. Reid in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Reid Decl.") (Aug. 22, 2011) (ECF No. 1097-1).

On June 24, 2010, the Supreme Court issued its opinion in *Morrison v. National Australia Bank Ltd.*, --- U.S. ---, 130 S. Ct. 2869 (2010).  The *Morrison* Court "concluded that Section 10(b) [of the Exchange Act] does not apply extraterritorially," *Vivendi II*, 765 F. Supp. 2d at 526, and held that "Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American

---

[1] The Individual Plaintiffs bring their claims under Section 20(a) of the Exchange Act and Section 15 of the Securities Act—which impose control-person liability over primary violations of the Acts within which they are respectively located—only against the individual defendants, Messier and Hannezo.

[2] As noted above, the Individual Plaintiffs also assert claims involving their purchases of American Deposit Shares, or "ADS," purchased on the New York Stock Exchange, located in New York City.  *See, e.g.*, Allianz Compl. ¶¶ 2, 38; AP Compl. ¶¶ 2, 38; B-W Compl. ¶¶ 2, 38; Capitalia Compl. ¶¶ 2, 38.  These "ADS Claims" are not in issue here.

stock exchange, and the purchase or sale of any other security in the United States," *Morrison*, 130 S. Ct. at 2888.  On February 17, 2011, applying *Morrison*—which had upended Second Circuit precedent on the issue, *see Vivendi II*, 765 F. Supp. at 526–27—this Court dismissed the Section 10(b) claims brought by ordinary shareholders of Vivendi securities in the Class Action. *See id.* at 533–34.

It is the Supreme Court's *Morrison* opinion, and this Court's application of such in *Vivendi II*, upon which the Defendants moved the Court, through the instant motion, to enter partial judgment on the pleadings in their favor and to dismiss the Exchange Act claims of Individual Plaintiffs who purchased or otherwise acquired Vivendi ordinary shares.  The Defendants filed their motion on August 22, 2011,[3] and by an October 6 letter, they sought leave to amend the motion in order to seek partial judgment on the Individual Plaintiffs' claims under the Securities Act, on the same basis.  The next day, the Individual Plaintiffs informed the Court that they had no objection to the Defendants' proposed amendment.  Accordingly, the Court endorsed the Defendants' request and "deemed" the Defendants' motion "to cover [the Individual Plaintiffs'] claims under both the Securities Act . . . and [the] Exchange Act . . . ." Endorsed Letter to Court ("Endorsed Letter") at 1 (Oct. 17, 2011) (ECF No. 1106).  The Court shall refer to the claims at issue—claims brought under the Securities Act and the Exchange Act by the Individual Plaintiffs who purchased ordinary shares of Vivendi on the Paris Bourse—as the "Ordinary Share Claims."

---

[3] The Defendants move jointly in all of the above-captioned cases, with two exceptions.  First, Hannezo is the only named defendant in the individual actions numbered 09 Civ. 2568, 09 Civ. 2592, 09 Civ. 2603, and 09 Civ. 2611, and therefore it is only he who moves the Court in those cases.  Second, Hannezo clarifies that he "joins in th[e Defendants'] motion only with regard to those Individual Plaintiff actions in which he has been properly served." Mem. of Law in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") at 1 n.1 (Aug. 22, 2011) (ECF No. 1096).

The motion being fully briefed, and neither party having requested oral argument, the Court now turns to its resolution.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "a party may move for judgment on the pleadings" anytime "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, [the Court] appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 99 (2d Cir. 2001). The Court "may dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *accord Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) ("To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

## DISCUSSION

I. Motion for Partial Judgment on the Pleadings

    A. Governing Law

        1. Exchange Act

To state a claim for relief pursuant to Section 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *ATSI Commc'ns, Inc. v.*

*Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007). However, in *Morrison*, the Supreme Court further limited relief under those sections to claims alleging "the use of a manipulative or deceptive device or contrivance *only* in connection with the purchase or sale of a security listed *on an American stock exchange*, and the purchase or sale of any other security *in the United States*." 130 S. Ct. at 2888 (emphases added).

Section 20(a) of the Exchange Act provides for so-called "controlling-person liability," *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996), over "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder . . . , unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action." 15 U.S.C. § 78t. In order to establish a violation of Section 20(a), "a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI*, 493 F.3d at 108 (citing *First Jersey*, 101 F.3d at 1472). Where a plaintiff fails to allege properly a primary violation, the plaintiff cannot succeed on a Section 20(a) controlling-person-liability claim. *See id.*

### 2. Securities Act

"Claims under sections 11 and 12(a)(2) of the Securities Act have 'roughly parallel elements.'" *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 109 (2d Cir. 2011) (quoting *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010)). Section 11 "imposes liability on issuers and other signatories of a registration statement that 'contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'" *Id.* (quoting 15 U.S.C. § 77k(a)). Section 12(a)(2)

"imposes liability under similar circumstances with respect to, *inter alia*, prospectuses."  *Id.*

(citing 15 U.S.C. 77*l*(a)(2)).  Like the Exchange Act, the Securities Act also establishes

controlling-person liability for individuals or entities who "control[] any person liable" for

primary violations, 15 U.S.C. § 77o, and such liability may only be imposed where the plaintiff

has also proven a primary violation of Section 11 or 12.  *See In re Morgan Stanley Info. Fund

Sec. Litig.*, 592 F.3d at 358; *see also Fait*, 655 F.3d at 109 n.2.

B. Application

1. Exchange Act Claims

The Defendants argue that because "[a]ll four amended complaints assert claims based on

Vivendi ordinary shares"—"which are not listed for trading purposes on any U.S. exchange"—

the Court must dismiss the plaintiffs' Exchange Act claims pursuant to *Morrison*.  Mem. of Law

in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") at 4–5 (Aug. 22, 2011)

(ECF No. 1096).  In opposition, the Individual Plaintiffs "refer the Court to" the arguments

presented in the papers submitted by the Class Plaintiffs in response to a post-trial Court order

for supplemental briefing regarding the effect of *Morrison*.  Indiv. Pls.' Mem of Law in

Response to Defs.' Mot. for J. on the Pleadings Based on *Morrison v. National Australia Bank*

("Pls.' Mem.") at 1 (Sept. 9, 2011) (ECF No. 1098).  The Individual Plaintiffs "further submit

that *Morisson* was wrongly decided and look forward to a day when a future Supreme Court

corrects the error," *id.*, and they "are optimistic that the SEC will recommend—and Congress

will enact—legislation overruling *Morrison*," *id.* at 2.

The Court concludes that the Individual Plaintiffs' Exchange Act claims must be

dismissed.  The Court has already rejected the Class Plaintiffs' arguments in *Vivendi II*, *see* 765

F. Supp. 2d at 527–34, and other courts in this District have come to similar conclusions about

the meaning of *Morrison*, *see, e.g.*, *In re Royal Bank of Scot. Grp. PLC Sec. Litig.*, 765 F.Supp.2d 327, 336 (S.D.N.Y.2011); *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 472 (S.D.N.Y. 2010). The Court sees no reason to revisit those conclusions now, particularly in the absence of any new legal arguments from the Individual Plaintiffs. Furthermore, actions initiated but not completed in the legislative and regulatory arenas are of no moment in the Court's consideration of the continuing application of Supreme Court decisions. *See, e.g.*, *Hoffman v. Palmer*, 129 F.2d 976, 995 (2d Cir. 1942) ("[A] proposed statute gives courts no authority. It is for us to construe and apply the existing enactment, not one which would enlarge it and which is, as yet, but a wish."). Therefore, the Court grants the Defendants' motion with respect to the Individual Plaintiffs' Ordinary Share Claims brought under the Exchange Act.

### 2. Securities Act Claims

After filing the instant motion, the Defendants, in a letter to the Court dated October 6, 2011, requested that, "for the sake of judicial efficiency," the Court "allow Defendants to amend their motion" to cover the Individual Plaintiffs' Securities Act claims in addition to the Exchange Act claims specifically identified in the motion. Letter from Penny P. Reid to Hon. Richard J. Holwell at 1–2 (Oct. 6, 2011) (on file with Court). The Individual Plaintiffs did not oppose the request, and the Court approved it in an October 17, 2011 Order. *See* Endorsed Letter at 1.

While *Morrison* involved solely an Exchange Act claim, *see Morrison*, 130 S. Ct. at 2875 ("We decide whether § 10(b) of the Securities Exchange Act of 1934 provides a cause of action to foreign plaintiffs suing foreign and American defendants for misconduct in connection with securities traded on foreign exchanges."), the Defendants argue that given that the Individual Plaintiffs' Ordinary Share Claims under the Securities Act are "based on purchases of Vivendi ordinary shares on a foreign exchange," *Morrison* requires their dismissal for the same reasons it

requires dismissal of the Exchange Act claims.  Reply Mem. of Law in Further Supp. of Defs.'

Mot. for Partial J. on the Pleadings ("Defs.' Reply") at 2 n.3 (Oct. 6, 2011) (ECF No. 1105); *see*

*Vivendi II*, 765 F. Supp. 2d at 527–34 (analyzing the dismissal of Exchange Act claims under

*Morrison*).  The Individual Plaintiffs did not proffer any legal argument contesting the

Defendants' contention that *Morrison* (however interpreted) should apply to both statutes.

In the only two federal cases to have considered the issue to date, two courts—both in

this District—have dismissed Securities Act claims pursuant to *Morrison*.  In *In re Royal Bank of*

*Scotland Group PLC Securities Litigation*, Judge Batts seized on the *Morrison* Court's statement

that the Securities Act shares the "same focus on domestic transactions" as the Exchange Act,

*Morrison*, 130 S. Ct. at 2885, in concluding that "the Securities Act, like the Exchange Act, does

not have extraterritorial reach," *In re Royal Bank of Scot. Grp.*, 765 F. Supp. 2d at 338 & n.11.

Judge Batts therefore applied *Morrison* to claims under Sections 11, 12, and 15 of the Securities

Act.  *See id.* at 338–39.  Likewise, in *SEC v. Goldman Sachs & Co.*, 790 F. Supp. 2d 147

(S.D.N.Y. 2011), Judge Jones "agree[d with the defendant] that *Morrison* applies to Section

17(a) of the Securities Act," *id.* at 164, relying principally on the fact that "the definition of 'sale'

under the Securities Act is virtually identical to the definition of 'sale' under the Exchange Act."

*Id.* at 164 n.21 (comparing 15 U.S.C. § 77b(a)(3) (defining "sale" to "include every contract of

sale or disposition of a security or interest in a security, for value" in the Securities Act), with *id.*

§ 78c(a)(14) (defining "sale" to "include any contract to sell or otherwise dispose of" in the

Exchange Act)).

The Court agrees with those decisions and concludes that *Morrison* permits Securities

Act claims only "in connection with the purchase or sale of a security listed on an American

stock exchange, and the purchase or sale of any other security in the United States," *Morrison*,

130 S. Ct. at 2888.  In *Morrison*, the Supreme Court applied the "presumption against extraterritoriality" that accompanies federal legislation to the Exchange Act, rejecting various textual counterarguments to conclude that Section 10(b) does not apply to sales of securities outside the United States because the statute lacks an "affirmative indication" to the contrary that might overcome the presumption.  *Id.* at 2883.  In so doing, the Court noted that the Securities Act—which prohibits the sale of a security, "through a prospectus or otherwise, making use of 'any means or instruments of transportation or communication in interstate commerce or of the mails,' unless a registration statement is in effect," *id.* at 2885 (quoting 15 U.S.C. § 77e(a)(1))—was "enacted by the same Congress as the Exchange Act" and "form[s] part of the same comprehensive regulation of securities trading."  *Id.*  The Court further cited, *see id.*, to the Code of Federal Regulations, in which the Securities Exchange Commission has interpreted the registration requirement mandated by the Securities Act "not to include . . .  sales that occur outside the United States," 17 C.F.R. § 230.901 (2009).

For those reasons, and like its sister courts in this District, the Court determines that *Morrison*'s underlying logic counsels extending its holding to cover the Securities Act, and therefore the Individual Plaintiffs' Ordinary Share Claims under that statute must also be dismissed.

II. Sanctions

In the memorandum accompanying their motion for partial judgment on the pleadings, the Defendants indicate that they "intend to seek costs covering the expense of filing this motion" because the "Individual Plaintiffs' refusal to withdraw their meritless Section 10(b) claims violates Rule 11(b) of the Federal Rules of Civil Procedure."  Defs.' Mem. at 5. However, even absent a Rule 11 motion, the Private Securities Litigation Reform Act of 1995

("PSLRA"), 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), requires the district court, "upon final adjudication of the action," to make "specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1); *accord Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir. 2004). If a district court finds that an attorney is in violation of Rule 11, the court *must* impose sanctions. *See* 15 U.S.C. § 78u-4(c)(2).

That inquiry, though, must wait for another day. The PSLRA requires Rule 11 findings to be made "upon final adjudication of the action," *id.* §78u-4(c)(1). But, though the Court has granted the Defendants' motion for partial judgment on the pleadings, this case has not yet reached "final adjudication." In this Memorandum Opinion & Order, the Court dismisses the Individual Plaintiffs' Ordinary Share Claims *only*—that is, only their claims related to purchases of ordinary shares of Vivendi securities, shares which were sold on the Paris Bourse, a foreign exchange. Indeed, as the Court explained above, it is precisely the "foreignness" of those ordinary shares which subject them to dismissal under *Morrison*. On the other hand, the Individual Plaintiffs further allege violations of the Exchange Act, Securities Act, and those statutes' implementing regulations as to "American Depository Shares," or "ADS," which were traded solely on the New York Stock Exchange—a domestic exchange falling outside the *Morrison* analysis. *See, e.g.*, Allianz Compl. ¶¶ 2, 38; AP Compl. ¶¶ 2, 38; B-W Compl. ¶¶ 2, 38; Capitalia Compl. ¶¶ 2, 38; *see also* Defs.' Mem. at 3 n.10 ("Defendants are only seeking dismissal of the claims brought in connection with the acquisition of Vivendi ordinary shares at this time."). Those claims—the Individual Plaintiffs' "ADS Claims"—then, are still in play in this litigation, and the Court therefore declines to engage in the Rule 11 fact-finding mandated by

the PSLRA at this time.  It will instead endeavor to make such findings upon the filing of the Defendants' promised Rule 11 motion or, alternatively, at the termination of this action under the requirements of the PSLRA.

## CONCLUSION

For the reasons stated in this Memorandum Opinion & Order, the Court GRANTS the Defendants' motion for partial judgment on the pleadings [ECF No. 1095], and the Ordinary Share Claims of the Individual Plaintiffs in the above-captioned cases are dismissed.

**SO ORDERED.**

Dated: New York, New York
        January 27, 2012

Richard J. Holwell
United States District Judge